**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 16 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ALEXIS AGUILAR,<br><br>　　　　　　Petitioner - Appellant,<br><br>　v.<br><br>MATTHEW CATE, Secretary of the CDCR,<br><br>　　　　　　Respondent - Appellee. | No. 13-16122<br><br>D.C. No. 4:11-cv-04267-PJH<br><br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Phyllis J. Hamilton, District Judge, Presiding

Submitted October 9, 2014[**]
San Francisco, California

Before: IKUTA, N.R. SMITH, and MURGUIA, Circuit Judges.

Petitioner Alexis Aguilar appeals the district court's denial of his habeas

petition. We have jurisdiction under 28 U.S.C. § 2253(a), and we affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously finds this case suitable for decision without oral argument.  Fed. R. App. P. 34(a)(2)(C).

Aguilar was convicted under California law of first-degree murder and street terrorism, with gang and firearm enhancements. He is currently serving a 56-years-to-life sentence.

Aguilar petitions this court for relief under habeas corpus on two grounds. He argues that the California Court of Appeal unreasonably applied clearly established federal law, first, by excluding his proffered expert and, second, by concluding that his trial counsel's representation was objectively reasonable. *See* 18 U.S.C. § 2254(d)(1).

First, it is not clearly established that the Due Process Clause of the Fourteenth Amendment prohibits a trial court from excluding defense expert testimony on the unreliability of eyewitness identification. *See Moses v. Payne*, 555 F.3d 742, 757–58 (9th Cir. 2009); *see also Holmes v. South Carolina*, 547 U.S. 319, 326 (2006). Therefore, the California Court of Appeal's determination that Aguilar's Due Process rights were not violated by the trial court's exclusion of his proffered expert was not contrary to clearly established federal law. *See Moses*, 555 F.3d at 757–58.

To the extent Aguilar invokes the clearly established federal right to present a complete defense, *see Crane v. Kentucky*, 476 U.S. 683, 690 (1986), the California Court of Appeal did not unreasonably apply that law, *see* 18 U.S.C. §

2254(d)(1).  Aguilar was afforded the opportunity to impeach the state's eyewitness identification through other avenues, and was also afforded the opportunity to present an alibi defense.  Therefore, the California Court of Appeal did not unreasonably conclude that Aguilar was afforded a complete defense.  *See United States v. Scheffer*, 523 U.S. 303, 308 (1998); *see also Holmes*, 547 U.S. at 326.

Second, the California Court of Appeal's determination that Aguilar's trial counsel provided competent representation was not an unreasonable application of *Strickland v. Washington*, 466 U.S. 668 (1984).  *See Harrington v. Richter*, 131 S. Ct. 770, 785 (2011).  The California Court of Appeal reasonably held that trial counsel's failure to object to the prosecution's improper closing argument was inherently tactical and did not constitute incompetence.  *Strickland*, 466 U.S. at 689.  This decision was not an unreasonable application of clearly established federal law.  *Harrington*, 131 S. Ct. at 785.

**AFFIRMED.**